Fax: Aug 25 2008 11:23am P002/003





MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Qiana Smith-Williams
*Assistant Corporation Counsel*
qwilliam@law.nyc.gov
(212) 788-1580
(212) 788-9776 (fax)

August 25, 2008

**BY FAX**
The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

    Re: <u>James Watson v. The City of New York, et al.</u>
          08 CV 06555 (LTS)(THK)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above referenced action. I am writing to request an extension of the City's time to answer or otherwise respond to plaintiff's complaint from August 25, 2008 to October 24, 2008. Additionally, without appearing on their behalf or making any representations as to the adequacy of service or otherwise, this office respectfully requests a similar enlargement of time until October 24, 2008 on behalf of defendants Feaggins, Lawson, Allen and Monell.[1] This is defendants' first request for an enlargement of time to respond to plaintiff's complaint. Plaintiff's counsel, Christopher Galiardo, Esq., consents to this request.

    In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In his complaint,

---

[1] Based on a review of the Civil Docket Sheet it does not appear that affidavits of service have yet been filed with the Court. However, plaintiff's counsel has informed me that service has been effected on each of the named defendant police officers.

plaintiff alleges, *inter alia*, that he was falsely arrested, falsely imprisoned and maliciously prosecuted in violation of 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff claims that, on or about November 28, 2007, defendants arrested him at gunpoint without a warrant or explanation. Further, plaintiff alleges that the defendants conspired to, and did, maliciously instigate baseless criminal proceedings against plaintiff. According to plaintiff he was charged with violating P.L. 220.39 'Criminal Sale of a Controlled Substance in the Third Degree'. Plaintiff maintains that his criminal action was dismissed and sealed on February 7, 2008.

In order to respond to these allegations, we need to obtain records of the underlying criminal case including our own police records. It is our understanding that these records have been sealed by operation of law pursuant New York Criminal Procedure Law § 160.50. We have forwarded the necessary consent authorization to plaintiff so that we can access the sealed records, properly assess the case and respond to the complaint.

Accordingly, we respectfully request that the Court grant the City's application to extend its time to answer or otherwise respond to the complaint to October 24, 2008. Additionally, without appearing on their behalf or making any representations as to the adequacy of service or otherwise, this office respectfully requests a similar enlargement of time on behalf of defendants Feaggins, Lawson, Allen and Monell.[2]

Thank you for your consideration of this request.

The requests are granted.

**SO ORDERED.**

NEW YORK, NY
LAURA TAYLOR SWAIN
Sept 2, 2008 UNITED STATES DISTRICT JUDGE

Respectfully submitted,

Qiana Smith-Williams (QS 2172)
Assistant Corporation Counsel

cc:   Christopher D. Galiardo, Esq. (by fax)
      Myers & Galiardo, LLP
      122 East 42nd Street, Suite 2710
      New York, New York 10168
      Attorney for Plaintiff

---

[2] The enlargement will allow this office time to conduct its representation investigation with respect to defendants Feaggins, Lawson, Allen and Monell pursuant to General Municipal Law §50-K, and it should also allow for the submission of a joint response on behalf of all defendants.

2